STATE of Minnesota, Respondent,

v.

Cheryl Ann WESTERGAARD, Appellant.

No. CX–83–232.

Supreme Court of Minnesota.

Dec. 16, 1983.

Gary J. LaFleur, Minneapolis, for appellant.

Marcia J. Rowland, Andrew F. Resner, County Attys., Chaska, Hubert H. Humphrey, III, Atty. Gen., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal.

Defendant was charged with two felony counts, one alleging sale of marijuana, the other alleging distribution. Represented by counsel, she appeared in district court and pleaded guilty to the distribution charge. In her petition, which the court received in evidence, she stated that the substance of the plea agreement was that in return for her plea the state would dismiss the sale charge and agree not to recommend incarceration. She admitted that the recipients of the marijuana were juveniles. Questioned as to the amounts of marijuana involved, she said, "It was small amounts, like—I don't know." She admitted that if the case went to trial the state had evidence that, if believed by the jury, would establish the charge, and she also admitted that the state would be able to introduce .21 ounces of marijuana at trial.

Without ever expressly accepting the plea, the trial court asked the prosecutor if she wanted to be heard on sentencing. The prosecutor stated that she had some concern because juveniles were involved and defendant was considerably older than the juveniles. Defense counsel then stated that in his opinion the case fell within Minn.Stat. § 152.15, subd. 1(5) and 2(5) (1982), which provides that a person convicted of distributing a small amount of marijuana for no remuneration is guilty only of a petty misdemeanor "punishable by a fine of up to $100 and participation in a drug education program unless the court enters a written finding that such a program is inappropriate." The court responded by saying that "that is the first time that has been presented to me" and that "[i]f that is your plea bargain, I am rejecting it, and I am going to reinstate it on the calendar for trial." Defense counsel then said, "This was not the plea bargain; this is our argument at time of sentencing."

The trial court then proceeded to state that he was neither accepting nor rejecting defendant's plea but was going to stay imposition of sentence and place defendant on probation for 3 years. The court stated that if defendant abided by the conditions of probation, including drug treatment if necessary, then at the end of the 3-year period he would treat the matter as a petty misdemeanor.

On this appeal defendant argues that the court accepted the plea and, having done so, had no authority to change its mind and proceed as it did but was required to sentence her as a petty misdemeanant. Alternatively, she argues that the 3-year probationary term is improper given the fact that if the offense was a felony the presumptive sentence in her case was only a year and a day stayed (severity level II, criminal history score zero). The state responds that the appeal is not even properly before this court because no *sentence* was imposed or stayed. The state argues further that defendant's argument is flawed in that the .21 ounces is what was left *after* a quantity of marijuana distributed by defendant to the juveniles was smoked. Arguing that defendant knew she was pleading guilty to a felony charge, the state points to the promise not to recommend incarceration and says, "If defendant thought she was entitled to receive a maximum sentence of a $100 fine, there was no reason for her to enter into such a plea negotiation."

We are satisfied that defendant validly pleaded guilty to a felony offense. The fact that the state had only .21 ounces of marijuana to introduce against defendant if the case went to trial does not mean that that was all the marijuana that defendant

distributed. The state contends that the .21 ounces was what was left after the rest had been distributed and smoked. If defendant felt that the total amount distributed was a "small amount" within the meaning of the statute, she should have made that clear in her plea bargain.

Defendant's argument that the court accepted her plea and that it therefore became a conviction is not persuasive, since the court never formally or expressly accepted the plea at the conclusion of defendant's sworn testimony. *See State v. Lockridge,* 269 N.W.2d 902 (Minn.1978), and Minn.R.Crim.P. 15.04, subd. 3(1).

If the court has not accepted defendant's plea, and it appears that the court has not, then defendant arguably still may withdraw her plea if she desires. That, however, not only would not seem to be in defendant's best interests, but apparently it is not what defendant desires. Defendant wants to be sentenced as a petty misdemeanant, but, as we have indicated, she is not entitled to that. If she cannot be sentenced as a petty misdemeanant, she wants this court to reduce the probationary term to a year and a day. That also is not required. Probationary terms are limited to the statutory maximum, not to the presumptive sentence.

Affirmed.