In the Matter of the
**WELFARE OF D.A.H.**

No. C9–84–765.

Court of Appeals of Minnesota.

Jan. 15, 1985.

David J. Goldman, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Paul D. Schneck, Asst. County Atty., Minneapolis, for respondent.

Heard, considered and decided by NIER-ENGARTEN, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The child appeals from a juvenile court adjudication order. The trial court found the child was delinquent, namely, that he caused damage to an automobile in excess of $300.00, in violation of Minn.Stat. § 609.-595. We affirm.

## FACTS

Mary Haberle, a bartender at the Medina Ballroom, drove to work on November 25, 1983, and parked her car outside the ballroom at 5:00 o'clock p.m. At about 11:30 that night, she was informed by a police officer that a bottle had been thrown through the back window of her car, smashing it. The cost of repairing the window was approximately $430.

A couple parking at the parking lot of the Medina Ballroom observed four boys drinking from a bottle; they heard a crash and saw that the back window of an automobile was broken. The couple notified an officer, and identified one of the boys. The officer took the bottle from the car; it was disposed of prior to trial.

At trial, one of the four boys at the scene testified that appellant had thrown the bottle at the car. Appellant testified that he had been at the Medina that night with a friend, but had not been drinking with the other boys, and did not throw the bottle through the car window. Other evidence was presented which connected appellant to the scene, but there was no other testimony from eyewitnesses who actually saw him throw the bottle.

## ISSUES

1. Was the evidence sufficient to sustain the finding of the court that allegations in the petition were proven?

2. Does a child enjoy due process when a trial is conducted by a judge who has no specialized experience in juvenile court matters?

## ANALYSIS

1. In a proceeding adjudicating the delinquency of a juvenile, the state must prove every element charged beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 368, 90 S.Ct. 1068, 1074, 25 L.Ed.2d 368 (1970). On appeal, the sufficiency of the evidence is viewed in a light most favorable to the prosecution. *In re M.D.S.*, 345 N.W.2d 723, 727 n. 1 (Minn. 1984). In addition:

> Trial courts' findings are entitled to the same weight as a jury verdict. In reviewing the sufficiency of the evidence [the court] must ascertain whether, given the facts and record and legitimate inferences that can be drawn, a court could reasonably conclude the defendant was guilty of the offense.

*In re T.J.D.*, 351 N.W.2d 382, 384 (Minn.Ct. App.1984). The verdict will not be reversed if the finder of fact, giving due regard to the presumption of innocence and to the state's burden of proving the defendant's guilt beyond a reasonable doubt, could reasonably have found the defendant guilty. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978).

Appellant contends that the testimony was insufficient to support the trial court's findings for numerous reasons. However, his dispute is based primarily upon his assessment of the credibility of the witnesses. *State v. Thomas*, 352 N.W.2d 526, 528 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Oct. 11, 1984). Taking the view of the evidence most favorable to the respondent, we cannot say there was insufficient evidence to find the petition proven.

2. Appellant contends that his rights to due process and equal protection were violated. U.S. Const. amend. XIV; Minn. Const. art. 1, § 7. Because of the constitutional guarantee for due process, a child should enjoy "fundamental fairness" in delinquency proceedings. *McKeiver v. Pennsylvania*, 403 U.S. 528, 543, 91 S.Ct. 1976, 1985, 29 L.Ed.2d 647 (1971).

Appellant argues that he was denied due process because of a substandard police investigation, and because adjudication of his delinquency was based upon "inconsistent, contradictory, and self-serving testimonial evidence." These arguments repeat the claim that evidence in the case was insufficient. As we have stated, appellant is not entitled to relief on this argument.

A separate issue arises on the contention of appellant that he was denied equal protection because a trial was conducted by an "uninterested district court judge with little or no experience in juvenile matters" rather than an "interested and experienced" juvenile court judge. He asserts there was an inadequate search for truth in the trial proceedings. "Fundamental fairness" requires "accurate fact finding." *Id.* at 543, 91 S.Ct. at 1985.

Appellant's argument cannot be substantiated by an examination of the record. The contention is no more than a subjective judgment of attitudes of the trial judge. Further, it is anomalous to condemn the impartiality of a judicial officer whose views and disciplines are not shaped completely from within the mostly-closed forum of the juvenile court.[1]

3. Appellant makes a fourth due process argument, the contention that a proposed disposition in the case, commitment to the County Home School Beta Program, is greater than the sentence an adult would receive for the same offense. The trial court has not yet made a disposition, and an appeal on that action is premature.

## DECISION

The trial court had sufficient evidence to find the juvenile petition proved, and there

is no merit to appellant's argument that he was deprived of due process or equal protection of the law.

Affirmed.

---

**1.** Commentators on process in juvenile cases have seen merit in permitting a demand for fact finding by juries, a procedure which would interject outside authority into the juvenile court, and which might comport with newly established goals of the juvenile court to promote public safety and enforce a juvenile's individual responsibility. *See* Minn.Stat. § 260.011, subd. 2 (1984). Minnesota statutes continue to provide for fact finding in delinquency hearings without juries, an "experiment" endorsed by the United States Supreme Court when it last addressed the issue in 1971. Minn.Stat. § 260.155, subd. 1 (1984); *McKeiver v. Pennsylvania,* 403 U.S. at 547, 91 S.Ct. at 1987. This issue is thoroughly discussed in Feld, *Criminalizing Juvenile Justice: Rules of Procedure for the Juvenile Court,* 69 Minn.L.Rev. 141, 243–66 (1984). Having in mind present statutory demands for juvenile court fact finding by a judge, we find no merit in appellant's attack on the infusion of judges not assigned exclusively to juvenile court.