STATE of Minnesota, Appellant,

v.

Billy Jim KROTZER, Respondent.

No. C4–94–2604.

Court of Appeals of Minnesota.

May 16, 1995.

Review Granted July 20, 1995.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael A. Fahey, Carver County Atty., James W. Keeler, Jr., Asst. Carver County Atty., Chaska, for appellant.

John M. Stuart, State Public Defender, Susan J. Andrews, Asst. State Public Defender, St. Paul, for respondent.

Considered and decided by DAVIES, P.J., and RANDALL and MANSUR,* JJ.

## OPINION

RANDALL, Judge.

### FACTS

Billy Krotzer, d.o.b. July 22, 1974, met C.H.M., d.o.b. May 21, 1979, and the two started dating. Sometime around January 1994, the two engaged in consensual sexual intercourse on at least two occasions. An unnamed party notified the Chaska police department that Krotzer and C.H.M. engaged in sexual intercourse. The police investigated. Krotzer and C.H.M. admitted that they engaged in consensual sexual intercourse. The Carver County Prosecutor charged Krotzer with Criminal Sexual Conduct in the third degree in violation of Minn. Stat. § 609.344, subd. 1(b) (Supp.1993).

T.J.M., C.H.M.'s mother, had learned of her daughter's and Krotzer's relationship before the county became involved, and set down strict rules that they no longer have sexual relations. Krotzer respected these rules. It was not the mother who informed the police, but someone outside the family. There is evidence in the record that the couple had decided on their own that they were not ready to have a sexual relationship, and that they would not have sexual relations until C.M.H. was older.

Krotzer and the county were unable to reach a plea agreement. Krotzer pleaded guilty to third-degree criminal sexual conduct. The district court preserved the plea, and ordered a pre-sentence investigation (PSI).

The PSI showed that Krotzer had a criminal history score of zero. The PSI concluded with a recommendation that the district court stay adjudication. Specifically, the PSI stated:

*It is recommended the defendant be placed on District Court probation for 0–5 years with a stay of adjudication. If a stay of imposition of sentenced is pronounced, the law would require that this individual be registered as a predatory sex offender. This would not appear to be appropriate in this case because there is no history of aggressiveness, or any aggressiveness in the present offense.* It also appears to this agent the defendant is amenable to counseling and he seems to have a non-delinquent personality. Probation supervision may be beneficial in reinforcing more stable work and plans. Conditions of probation are recommended as follows:

1. That the defendant complete a counseling program on Human Sexuality.

2. That the defendant not be alone with the victim at any time until the victim is 16 years of age, but be accompanied by an adult approved by the parents of the victim. That there be no sexual contact with the victim until she is 18 years of age.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

3. That the defendant not date or have physical contact with any other female adolescents under the age of 18.

4. That the defendant serve 60 days in jail, with work release privileges and Sentencing to Service options.

5. That the defendant pay a $300 fine, a $90 surcharge and a $25 surcharge.

(Emphasis added.) Before the sentencing hearing, Krotzer underwent the statutory mandated sex offender assessment at Alpha Human Services. Since he had not paid the fee to Alpha Human Services at the time of the sentencing hearing, no report from Alpha Human Services is in the record.

The district court, without formally accepting the guilty plea, stayed adjudication over objection by the prosecutor. The district court placed Krotzer on probation for 60 months, with the conditions that he serve 60 days, pay the fee for Alpha Services, remain law abiding, have only supervised visitation with C.H.M. or any other female adolescents under 16, reimburse the public defender's fund $200, pay a $300 fine, and pay a $115 surcharge.

The state appeals, arguing that the district court violated concepts of separation of powers and that there is no statutory provision for a stay of adjudication outside of controlled substance crimes.

## ISSUE

Did the district court err in staying adjudication in this matter?

## ANALYSIS

■ The state challenges the district court's stay of adjudication, arguing that in doing so it violated the separation of powers doctrine in the Minnesota Constitution. We disagree.

The powers of government shall be divided into three distinct departments: legislative, executive and judicial. No person or persons belonging to or constituting one of these departments shall exercise any of the powers properly belonging to either of the other except in the instances expressly provided in this constitution.

Minn. Const. art. 3, § 1. The state argues that the district court's actions invade both the power of the legislative and executive branches of government, arguing specifically that it interfered with the legislative powers by determining the punishment for a crime, and interfered with the executive powers by deciding whether to proceed with the prosecution of felony charges.

■ The judiciary has the power to dismiss a criminal case at a preliminary hearing for lack of probable cause. Minn.R.Crim.P. 17.06(1). The judiciary has the power to enter judgment of acquittal at the close of either side's case. Minn.R.Crim.P. 26.03, subd. 17. The judiciary may also dismiss a criminal case at any time in the furtherance of justice. Minn.Stat. § 631.21 (1992); *City of St. Paul v. Landreville*, 301 Minn. 43, 47, 221 N.W.2d 532, 534 (1974). The district court has inherent judicial power to govern its own operations. *State v. C.A.*, 304 N.W.2d 353, 358 (Minn.1981); *In re Clerk of Court's Compensation v. Lyon County Comm'rs*, 308 Minn. 172, 177, 241 N.W.2d 781, 784 (1976). The supreme court has stated that

inherent judicial power may be invoked to meet "the practical necessity of ensuring the free and full exercise of the court's vital function—the disposition of individual cases to deliver remedies for wrongs and 'justice freely and without purchase; completely and without denial; promptly and without delay, conformable to the laws.'" *In re Clerk of Lyon County Court's*, 308 Minn. 172, 177, 241 N.W.2d 781, 784 (1976). The test is not relative needs or judicial wants, but practical necessity in performing the judicial function with due consideration for equally important executive and legislative functions. 308 Minn. [at] 182, 241 N.W.2d [at] 786.

*County of Ramsey v. Stevens*, 283 N.W.2d 918, 925 (Minn.1979).

■ If the judiciary has the power to dismiss a case, inherent in that power is the authority to do less than outright dismissal. The stay of adjudication is less than outright dismissal because the court retains jurisdiction through conditions imposed on the stay. We reject the state's argument that the

judge's actions here violated the separation of powers doctrine. The prosecution can recommend a sentence, but it cannot force the court to impose a sentence from a list the prosecution wants. Trial judges, not the prosecution, pronounce sentences. *State v. Olson,* 325 N.W.2d 13, 18 (Minn.1982).

■ In a recent unpublished opinion, this court ruled that a stay of adjudication "was not an acceptable disposition of [the] case once it had reached the point of sentencing." *State v. Boyd,* No. C5–93–902 at 4, 1993 WL 319080 (Minn.App. Aug. 24, 1993), *pet. for rev. denied* (Minn. Oct. 7, 1993). The *Boyd* panel concluded:

> The stay of adjudication is vacated because the district court did not impose a disposition within the statutorily-authorized scheme of sentencing, nor did it take action to take respondent's case outside of the sentencing scheme. The case is remanded to the district court for further proceedings consistent with this opinion.

*Id.* at 5

In *Boyd,* it is clear that the district court *formally accepted* the defendant's guilty plea. The plea was "duly accepted on the record by the court." *Id.* at 3. Therefore, there was nothing left for the district court to do other than pronouncing sentence. Here, on the other hand, the district court did not formally accept Krotzer's guilty plea. The district court *reserved* the formal adjudication of a guilty plea, which was in his inherent power to do. *See Stevens,* 283 N.W.2d at 925.

■ We take judicial notice that commonly, especially in minor theft cases, other routine matters, and juvenile delinquency dispositions, district courts give stays of adjudication, continuances for dismissal, and employ other types of diversion out of the trial process. In many of these cases the district court simply reserves its judgment and continues the matter for a time, commonly six to twelve months. If a defendant commits no other violation during that time, commonly the agreement is that the district court will dismiss the charge outright. The state argues that a recently enacted statute limits continuances for a dismissal to prose-

cutorial discretion. *See* Minn.Stat. § 609.132 (1994). We disagree. First, that section applies only to offenses committed after August 1, 1994, and thus it is not applicable here. *See* 1994 Minn.Laws Ch. 636, Art. 2, §§ 15, 70 (statute effective to crimes committed on or after August 1, 1994). Further, we reject any inference that it could apply at all. Taken literally, that statute would lead to a clear violation of the separation of powers doctrine and a clear infringement on the power of the court to try criminal cases and pronounce sentence. First of all, both attorneys in a criminal case, defense and prosecution, are free to negotiate and offer bargains to each other. Neither side is bound to accept an offer of the other, but it is ludicrous to suggest that the defense attorney is forbidden to mention the phrase "continuance for a dismissal" unless the prosecutor first gives permission. It is also ludicrous to suggest that the trial judge cannot consider an aspect of a criminal case without the prosecutor's permission. Since the judge, without permission of the prosecutor, has the right to dismiss a criminal case at the conclusion of the probable cause hearing or at the conclusion of the state's case in chief or at the conclusion of all the evidence and before going to the jury, inherent in that power to dismiss is the right to postpone. Put another way, the judge's power to dismiss can be exercised on the spot or the trial court can say, I will make the dismissal effective next week or next month. That is the essence of a continuance for dismissal or a stay of adjudication.

■ In utilizing a stay of adjudication, the district court furthers an important judicial function: the disposition of individual cases to deliver justice. *Stevens,* 283 N.W.2d at 925. We find no law restricting the district court's inherent power to use stays of adjudication to those offenses enumerated in section 152.14.

■ The only action of the district court here that raises an issue is that the court required Krotzer to serve 60 days in the workhouse as a condition of the stay of adjudication. For a district court to impose an executed sentence and place someone in a prison or a jail, there must have been a

formal adjudication of guilt of a crime with a jail or prison sentence as a permissible penalty. Without formally accepting Krotzer's guilty plea, the district court did not have jurisdiction to impose an executed jail sentence. If the district court had merely reserved Krotzer's plea and placed conditions on him short of workhouse time, we would reject the state's argument altogether.

 Because the district court imposed an executed sentence as part of the terms for the stay of adjudication, we remand to the district court. If the district court believes that dismissal is in the furtherance of justice, it can consider that action pursuant to Minn. Stat. § 631.21. If the court decides to formally accept a guilty plea and then stay imposition or stay execution of a sentence, it has power to do so, but then it first must offer Krotzer the option of withdrawing his plea of guilty and standing trial. *See State v. Westergaard*, 341 N.W.2d 280, 282 (Minn. 1983).

It is unfortunate that appellant State has put the trial court in this position. It is clear the trial court thought carefully about an appropriate penalty to fit the facts. A sentence of 60 days in the workhouse plus the other conditions of probation was easily within the permissible limits of a fair sentence considering the nonegregious facts. Neither the so-called victim nor her family had any intention of criminally implicating Krotzer. The record shows it was a consensual, though unacceptable, relationship between two dating teenagers. As the probation officer cogently and forcefully pointed out in the presentence investigation, it would be overkill for the court to formally accept a plea of guilty even if it then went on to stay imposition of sentence or stay execution of sentence, as under the letter of the law, the young man would be registered for life as a predatory sex offender, despite his withdrawal from the relationship. *See* Minn.Stat. § 243.166 (Supp.1993) (Registration of Predatory Offenders). Krotzer did not deserve that label. The probation officer saw that, the trial court saw that, defense counsel saw that, the family of the alleged victim saw that. Only the state saw fit to appeal a sentence on a fact situation which arguably could have been handled with complete diversion outside the criminal process from the outset.

## DECISION

A district court has the inherent power to dismiss a criminal case and to condition the dismissal on the lapse of a reasonable amount of time. However, successful completion of reasonable conditions of probation cannot include an executed sentence to a jail or a prison since incarceration as a penalty is limited to conduct to which there has been a formal adjudication of guilt or its equivalent (such as revocation of probation after a previous finding of guilt). Stays of adjudication to protect a citizen from a formal criminal record are within the inherent power of a district court, but the probationary conditions associated with that stay cannot include incarceration.

**Reversed and remanded.**