In the Matter of the **WELFARE OF M.A.R., Minor.**

No. C9–96–1064.

Court of Appeals of Minnesota.

Jan. 21, 1997.

Hubert H. Humphrey, III, Attorney General, St. Paul, Thomas J. Harbinson, Scott County Attorney, Peggy Flaig Hellier, Dean

G. Gavin, Assistant Scott County Attorneys, Shakopee, for Appellant State of Minnesota.

John M. Stuart, State Public Defender, Minneapolis, Michael W. McDonald, First District Public Defender, Prior Lake, for Respondent M.A.R.

Considered and decided by SCHUMACHER, P.J., and KLAPHAKE and AMUNDSON, JJ.

## OPINION

KLAPHAKE, Judge.

After a probation revocation hearing, the district court stayed respondent M.A.R.'s adjudication of delinquency for a second 180–day period. The state appeals, claiming that the court's decision violates Minn.Stat. § 260.185, subd. 3 (1994) and Minn. R. Juv. P. 29.02, which allow a court to continue a case without a finding of delinquency for a total period not to exceed 180 days. We reverse and remand.

## FACTS

On December 8, 1994, two 11–year–old boys, respondent M.A.R. and J.R.B., sexually assaulted 9–year–old A.M.H. in the bedroom of her home after threatening to tear up her homework if she did not submit. M.A.R. and A.M.H. are half-siblings.

Another 11–year–old juvenile boy, A.T.S., watched the assault from outside the bedroom window. A.T.S. had been with M.A.R. and J.R.B. when they purchased condoms earlier that day. After the assault, A.M.H.'s mother discovered a condom in the bedroom.

During the police investigation, A.M.H. described a sexual assault that included vaginal penetration. M.A.R. admitted to the assault, but during his sexuality assessment, he admitted only to digital penetration. M.A.R. claimed he decided to commit the offense after J.R.B. threatened to tell others that M.A.R. had assaulted A.M.H., even if M.A.R. chose not to do so.

M.A.R. was charged with first-degree criminal sexual conduct under Minn.Stat. § 609.342, subd. 1(h)(i) (1994). As part of a plea agreement, the state later amended the

charge to fourth-degree criminal sexual conduct under Minn.Stat. § 609.345, subd. 1(c) (1994). M.A.R. admitted this amended charge. In its initial July 7, 1995 dispositional order, the district court continued the case for 180 days without a finding of delinquency.

On January 12, 1996, the state filed a notice of probation revocation. The state argued that M.A.R. had failed to complete treatment as required in paragraph one of the probation conditions. At a March 18 revocation hearing, M.A.R.'s attorney offered a two-page treatment summary to establish M.A.R.'s compliance with the initial disposition order. The report concluded that M.A.R.'s overall progress was "acceptable" and that he was a "good group participant," but that his individual therapy had been less successful because he was "guarded and defensive." In an April 29 order denying revocation and continuing the matter for a second 180–day term, the court found no probation violation, and stated:

> After considering the alternatives of adjudicating the juvenile delinquent for the offense of Criminal Sexual Conduct 1st Degree or withholding the adjudication, the court finds it is in the best interests of the juvenile to withhold the adjudication.

At the revocation hearing, the court also stated,

> It would be terribly technical for me to say, well, okay, he has violated it now let's go through this taking the blood and all the rest of that stuff that the legislature has done. He is a 12–year–old boy. * * * If I am going to judge it the way I think I am, based on this evaluation, I find the boy has done the best he could be expected and it's continued for another six months.

## ISSUE

Did the district court err by continuing adjudication of M.A.R.'s delinquency for a second 180–day term?

## ANALYSIS

A district court may continue a juvenile case for 90 days without a finding of delinquency and may extend that continuance for a second 90–day term, as follows:

When it is in the best interests of the child to do so and when the child has admitted the allegations contained in the petition before the judge or referee, * * * before a finding of delinquency has been entered, the court may continue the case for a period not to exceed 90 days on any one order. Such a continuance may be extended for one additional successive period not to exceed 90 days and only after the court has reviewed the case and entered its order for an additional continuance without a finding of delinquency.

Minn.Stat. § 260.185, subd. 3 (1994); *see* Minn. R. Juv. P. 29.02 (allows court to withhold adjudication for total period "not to exceed" 180 days). Because the initial order contemplated a term that exceeded 90 days and allowed for an extension of the term without judicial review, the order did not comply with the precise requirements of Minn.Stat. § 260.185, subd. 3. Nevertheless, the state agreed to the initial 180–day term as part of the plea agreement.

After the state moved to revoke probation and enter an adjudication of delinquency because M.A.R.'s treatment was not complete within the 180–day term, the court, over the state's objection, extended the continuance for a second 180–day term. On its face, this action violated the continuance time limit of Minn.Stat. § 260.185, subd. 3. Although the statute is broadly drafted to allow the court discretion to grant a continuance in the first instance, it is precise regarding the time period allowed for any initial or extended continuance: any initial continuance is "not to exceed 90 days" and any successive continuance may be extended for a "period not to exceed 90 days." *Id.*

During the revocation hearing, the court clarified its intent to fashion a disposition that would effectuate M.A.R.'s rehabilitation without subjecting him to the rigid requirements of registration and DNA analysis required for juvenile sex offenders. *See* Minn. Stat. § 260.161, subd. 1 (1994) (requires juvenile court to keep records of juvenile sex offenses until juvenile reaches age 28 and provide notice of offense to BCA and juvenile's school); *id.* § 243.166 (requires persons adjudicated delinquent of sex offenses to register for 10 years with corrections and law enforcement authorities, including providing statements of the offense, fingerprint identification, and photograph); *id.* § 609.3461, subd. 1(3) (requires persons adjudicated delinquent of sex offenses to provide biological specimens for DNA analysis).

The parties both cite *State v. Krotzer,* 548 N.W.2d 252 (Minn.1996). In that case, the supreme court affirmed the district court's stay of adjudication on one count of third-degree criminal sexual conduct. The district court had stayed the adjudication to avoid the registration requirements because the sexual relationship between the 19–year–old defendant and his 14–year–old girlfriend was consensual and because the girl's mother approved of her daughter continuing a nonsexual relationship with the defendant. *Id.* at 253. The supreme court rejected the state's separation of powers argument and found the court's action to be within its "inherent judicial power" and "necessary to the furtherance of justice," even though the stay of adjudication was not permitted by statute or rule. *Id.* at 254–55.

We decline to apply *Krotzer* to these facts. In *Krotzer,* there was no statute or rule limiting the stay of adjudication. By contrast, Minn.Stat. § 260.185 precisely limits the duration of and defines the circumstances under which a continuance may be granted. Further, even assuming that this court has "inherent authority" to grant an indefinite continuance where justice so requires, that authority has been sharply limited by the adoption of Minn. R. Juv. P. 29.02.

## DECISION

Because Minn.Stat. § 260.185, subd. 3 and Minn. R. Juv. P. 29.02 both provide that a district court cannot continue a case without a finding of delinquency for a period exceeding 180 days, we conclude that the court had no jurisdiction over this case after the 180–day continuance period expired. We thus reverse the district court's order and remand with directions to dismiss the petition against M.A.R.

**Reversed and remanded.**