**In the Matter of the WELFARE OF J.S.H.-G.**

No. C1–01–1902.

Court of Appeals of Minnesota.

June 11, 2002.

Philip G. Villaume, Jeffrey David Schiek, Philip G. Villaume & Associates, Edina, for appellant.

Mike Hatch, Attorney General, and Susan Gaertner, Ramsey County Attorney, Kathryn Santelmann, Assistant Ramsey County Attorney, St. Paul, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, LANSING, Judge, and FOLEY, Judge.*

TOUSSAINT, Chief Judge.

The initial continuance of a juvenile delinquency disposition authorized under Minn.Stat. § 260B.198, subd. 7 (2000), commences at the disposition hearing when both the juvenile has admitted the allegations in the delinquency petition and the court is in a position to evaluate the best interests of the child.

**OPINION**

This is an appeal from a juvenile delinquency disposition order arising out of a

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

charge of fourth-degree criminal sexual conduct. Because the district court timely adjudicated appellant based on sufficient findings and revoked his probation based on sufficient evidence, we affirm.

## FACTS

In December 2000, appellant J.S.H.-G's (J.G.) mother reported her suspicions that eleven-year old J.G. had sexually abused his three-year-old stepsister. Subsequently, J.G. was charged with second-degree criminal sexual contact for touching his stepsister's vagina with his penis.

At the initial hearing on January 2, 2001, the charge was amended to fourth-degree criminal sexual conduct, and J.G. pleaded guilty. By its January 3, 2001, order, the district court found that J.G. had pleaded guilty, ordered a psychosexual evaluation and probation, and continued the matter until February 13, 2001, for a disposition hearing. At J.G.'s request, the dispositional hearing was continued until February 27, 2001.

At the February 27, 2001, hearing, the district court heard from the probation officer and family members. Defense counsel urged the court to withhold adjudication to give J.G. an opportunity to "do good." The state urged the court to adjudicate him delinquent and require him to register as a sex offender. The district court ordered J.G. placed on probation and to undergo sex offender treatment. The court withheld adjudication of delinquency and scheduled a review hearing.

At the May 29, 2001, non-appearance review, 90-days after the court initially withheld adjudication of delinquency, the court continued the matter to June 27. At the June 27 hearing, J.G.'s probation was continued for six months. Before the case came up again for review, J.G.'s probation officer reported a probation violation based on J.G.'s unauthorized calls to adult-sex telephone numbers. J.G. appeared for an initial probation hearing on August 23, 2001, denied the violation, and requested a continuance to obtain private counsel. The district court found probable cause that J.G. violated probation, adjudicated him delinquent on the charge of criminal sexual conduct in the fourth degree, and continued the matter as requested.

J.G. then retained private counsel who submitted a motion to vacate the adjudication of delinquency. After the September 13, 2001, probation violation hearing, the district court issued an October 5, 2001, order denying J.G.'s motion to vacate his adjudication of delinquency, finding that the state had proven by clear and convincing evidence that J.G. violated probation, and setting a disposition date. On October 19, 2001, the district court conducted a hearing on the probation violation and incorporated facts from the transcript to support its disposition, including requiring J.G. to submit to DNA testing and to register as a sex offender. This appeal followed.

## ISSUES

I. Whether the initial 90–day continuance under Minn.Stat. § 260B.198, subd. 7 (2000), and Minn. R. Juv. P. 15.04, subd. 4, commenced when appellant pleaded guilty?

II. Whether the district court's findings were sufficient to support the adjudication of delinquency?

## ANALYSIS

### I.

J.G. claims that the district court's jurisdiction lapsed because it did not comply with the continuance provisions of Minn. Stat. § 260B.198, subd. 7 (2000), and Minn. R. Juv. P. 15.05, subd. 4. J.G. contends that the initial 90–day continuance com-

menced upon entry of his plea on January 2, 2001. The state argues that the initial continuance commenced at the February 27, 2001, disposition hearing.

By juvenile rule and statute, Minnesota law authorizes an initial 90–day continuance for a juvenile disposition and an additional 90–day continuance thereafter, not to exceed 180 days. Minn.Stat. § 260B.198, subd. 7 (2000); Minn. R. Juv. P. 15.05, subd. 4. While the statute and rule precisely set the same maximum length of allowable continuances, *see In re Welfare of M.A.R.*, 558 N.W.2d 274, 276 (Minn.App.1997), the controversy here results from the imprecise and conflicting commencement dates for the initial 90–day continuance in the statute and rule. The statute provides for an initial continuance when (1) it is in the best interests of the child and the child has admitted the allegations in the petition before a judge; or (2) a hearing has been held under § 260B.163 and allegations in the petition have been duly proven. Minn.Stat. § 260B.198, subd. 7. Either prong of the statute permits commencement of the initial 90–day period. In contrast, the rule provides only one standard for the initial continuance for a child not in detention: "90 days from a finding that the charges have been proved" and when it is (1) in the best interests of the child; and (2) for the protection of the public. Minn. R. Juv. P. 15.05, subd 4(a).

■ Generally, in matters of procedure the rule governs over a conflicting statute, but the statute governs in matters of substance. *State v. Johnson,* 514 N.W.2d 551, 554 (Minn.1994); *see also In re Welfare of B.C.G.,* 537 N.W.2d 489, 491 (Minn.App. 1995). Here, the statute's two prongs provide distinct circumstances permitting an initial continuance. The rule merges aspects of each of those prongs into a third standard. Consequently, we conclude there is a conflict between the statute and

the rule in this procedural matter, and we will apply the rule.

■ The district court correctly ordered the initial continuance at the February 27, 2001, disposition hearing. February 27 marks the first date on which the rule's standard was satisfied. While the child had pleaded guilty on January 2, it was not until the February 27 hearing that the court, for the first time, also could act in the best interests of the child. It was at the February 27 hearing that the court first had for its consideration the relevant reports and testimony with which to assess the child and, accordingly, the child's best interest. *See* 13 Robert Scott & John O. Sonsteng, *Minnesota Practice* 245 (1997) ("A proper disposition is dependent upon adequate information about the child."). Consequently, the initial continuance period commenced on February 27.

On February 2, when appellant pleaded guilty, neither the standards articulated in the statute nor the standard articulated in the rule had been met. As noted, the district court did not have an adequate basis to make a decision in the child's best interests—a requirement of the rule and the first prong of the statute. At the guilty plea hearing, the court first ordered the evaluations that would provide it with a basis to proceed in the best interests of the child and for the protection of the public. *See, e.g.,* Minn.Stat. § 260B.198, subd. 1(k) (2000) (stating that "the court shall order an independent professional assessment of the child's need for sex offender treatment"); Minn.Stat. § 260B.193, subd. 2 (2000) (court may consider reports before making disposition). Also, at the guilty plea hearing, the district court did not make a finding that the allegations were duly proven—a requirement of the rule and the second prong of the statute. Here, the court found only that the child had admitted the facts, not that the allega-

tions were duly proven. The finding that the allegations were duly proven occurred no earlier than the February 27 disposition hearing, when the court ordered that adjudication be withheld.

This conclusion is further supported by the objective of continuing a case without adjudication to allow the juvenile time to avoid the potential severe consequences of a finding of delinquency. *See In re R.L.F.,* 256 N.W.2d 803, 806 (Minn.1977) (noting that purpose of statutes relating to youthful offenders is to minimize or eliminate adverse consequences for first-time offenders); Minn. R. Juv. P. 15.08 cmt (continuance without adjudication may prevent operation of some statutes requiring that child be adjudicated delinquent). Tying the continuances to the disposition order also has the consequence of allowing the court the full 180–day period to monitor juvenile offenders on probation. *See* Minn. R. Juv. P. 15.05, subd. 1 (tying adjudication or continuance without adjudication to the same time and same court order as disposition). As appellant's district court counsel argued and the district court ruled, appellant was entitled to the opportunity to prove that he could "do good." The continuances gave him that opportunity. They did not, as appellant's counsel now argues, deprive him of any rights.

Because the initial 90–day continuance began on February 27, at the disposition hearing, the continuances were timely and the probation violation proceeding on August 23 fell within the 180–day maximum allowable continuance.

## II.

■ The district court has broad discretion to order dispositions authorized by statute, and the disposition will not be disturbed absent an abuse of discretion. *In re Welfare of J.B.A.,* 581 N.W.2d 37, 38 (Minn.App.1998), *review denied* (Minn. Aug. 31, 1998).

■ J.G. asserts that there was insufficient evidence to support the district court's adjudication of delinquency on August 23 and the court failed to make sufficient written findings supporting the adjudication.

The rules provide that adjudication after initially granting a continuance without adjudication is a probation revocation proceeding governed by Minn. R. Juv. P. 15.07. Minn. R. Juv. P. 15.05, subd. 4(E). "A probation revocation proceeding to adjudicate the child on any allegation initially continued without adjudication must be commenced within the [180–day continuance] period." Minn. R. Juv. P. 15.05, subd. 4(F).

At the August 23 hearing and within the 180–day continuance period, J.G.'s probation officer submitted her report of the probation violation to the district court and a revocation proceeding commenced. *See* Minn. R. Juv. P. 15.07, subd. 1. The court found there was probable cause as to the probation violation, and on that basis adjudicated J.G. delinquent.

■ At the time of the delinquency adjudication, the district court was not required to make written findings supporting its decision. *See In re Welfare J.L.Y.,* 596 N.W.2d 692, 695 (Minn.App.1999). The court clearly indicated that the basis for the decision was the probable cause that J.G. had committed a probation violation. The mother and the probation officer's testimony supported the decision. The court elaborated on its basis in a written memorandum filed after the full September 13 probation revocation hearing, at which additional testimony was taken, and upon appellant's motion to vacate the adjudication. There, the court identified several bases for its adjudication: the court file,

the psychological evaluation, the probation officer's report (which documented a history of impulsive behavior), and the probation violation report. The court also noted that the full hearing was not held on August 23 only because appellant requested a continuance to obtain new counsel.

In short, the district court was not required to issue written findings to support the adjudication and did not act capriciously in adjudicating J.G. In light of the evidence and testimony, the court found that there was clear and convincing evidence that J.G. had violated his probation by not fully cooperating with sex offender treatment and not following the rules of parents and caretakers. *See* Minn. R. Juv. P. 15.07, subd. 4(d). Because the record fully supports the district court's findings, the court did not abuse its discretion in finding that J.G. violated the conditions of his probation.

## DECISION

Because the district court did not err in using the date of disposition to commence the first continuance and did not abuse its discretion with its adjudication supported by the record, we affirm.

**Affirmed.**