*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2352**

In the Matter of the Welfare of: A. R. M., Child

**Filed July 14, 2014
Affirmed in part, reversed in part, and remanded
Rodenberg, Judge**

Hennepin County District Court
File No. 27-JV-13-8045

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Kelly O'Neill Moller, Assistant County Attorney, Minneapolis, Minnesota (for respondent state)

Cathryn Middlebrook, Chief Appellate Public Defender, Susan J. Andrews, Assistant Public Defender, St. Paul, Minnesota (for appellant A.R.M.)

Considered and decided by Chutich, Presiding Judge; Johnson, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

In this juvenile delinquency appeal, appellant A.R.M. challenges the district court's decision to place him at MCF-Red Wing and argues that the district court erroneously adjudicated him delinquent on two misdemeanor charges. We conclude that the district court did not err in placing A.R.M. at MCF-Red Wing but erred in adjudicating A.R.M. delinquent on the two misdemeanor charges that were to be

dismissed pursuant to a plea agreement. We therefore affirm in part, reverse in part, and remand for the district court to enter a dismissal of the two misdemeanor charges.

**FACTS**

This is an appeal from a disposition by the Hennepin County district court of delinquency offenses committed by A.R.M. in October 2013. Previously, in June 2012, A.R.M. was adjudicated delinquent in Hennepin County on charges of felony possession of a pistol by a disqualified person and misdemeanor theft. He was ordered to complete an out-of-home placement at Mesabi Academy but in March 2013 was unsuccessfully discharged. His discharge summary describes prior unsuccessful placements, attempts at electronic home monitoring, and behavioral problems. Following a probation violation hearing, A.R.M. was placed in MCF-Red Wing's short-term program. He was unsuccessfully discharged.

In October 2013, A.R.M. was charged in Ramsey County with (1) aiding and abetting gross misdemeanor theft in violation of Minn. Stat. § 609.52, subds. 2(a)(1), 3(4) (2012); (2) misdemeanor false information to police in violation of Minn. Stat. § 609.506, subd. 1 (2012); and (3) misdemeanor fleeing a peace officer in violation of Minn. Stat. § 609.487, subd. 6 (2012) after a shoplifting incident on October 19. By agreement, A.R.M. pleaded guilty to gross misdemeanor theft, and the state agreed to dismiss the two misdemeanor charges. The district court withheld adjudication and transferred the case to Hennepin County, where A.R.M. resides, for disposition.

Hennepin County's out-of-home-placement screening committee recommended that A.R.M. be placed at MCF-Red Wing "based on his offense and risk levels." The

2

committee considered Bar None Residential Treatment Center as an alternative placement but could not recommend it because, the committee determined, A.R.M. "is likely to abscond from that level of restriction to avoid programming. Also, there are no current openings at that program." The committee also determined that A.R.M.'s "level of resistance to programming indicates that [he is] not amenable to community-based services, or a placement with lower levels of restriction and security."

The state agreed with the recommendation that A.R.M. be sent to MCF-Red Wing's long-term program at the disposition hearing held on November 19. The prosecutor explained:

> We have tried less restrictive alternatives. [A.R.M.] was at Mesabi, and was discharged. He was at the STOP program at Red Wing and did not complete the programming, but he timed out of the short-term program. He went home. He was going to the Return to Success program, missed those. Did not get signed up for school. Continued to use. Went on run. Committed this new offense. And so we are here today recommending the long-term Red Wing program.

A.R.M.'s attorney opposed placement at MCF-Red Wing because A.R.M. "didn't do well" during the short-term program there and "got nothing out of it." The district court asked A.R.M.'s attorney to suggest an alternative placement, and she proposed 45 days of electronic home monitoring, chemical dependency treatment, and medication. A.R.M.'s attorney admitted that she did not "have an alternative as far as placement goes" and did not "know of a treatment facility that's available to him." The prosecutor then discussed alternative placements:

> PROSECUTOR: We looked at other facilities other than Red Wing—Bar None, Woodland Hills—but those aren't secure

3

placements and there were some other issues too, with his functioning as far as Woodland Hills goes, and also the County Home School. Neither program would take him because of his IQ. So a lot of those issues have been considered by probation when making this recommendation for Red Wing, to keep him safe, himself, and also to keep him from violating the law so public safety is also served by this placement to Red Wing.

THE COURT: And then, to your knowledge, did [the probation officer] talk about any other secure alternatives in terms of placement, or have those been exhausted as well?

PROSECUTOR: I think Mesabi was the only other secure placement I know of, and he was already there and didn't do that well. So I think that's why—I'm not sure Mesabi would even take him, but I know he was in that program.

The district court concluded:

[T]ypically, the Red Wing program is not something that I like to order because of the fact that I believe it is for mostly serious offenders and that it technically in juvenile court is seen as a last resort for most of our offenders. The problem that I have with your case is that there aren't a lot of options for you. . . . And, given your resistance to [electronic home monitoring in the past], my only alternative at this point is to order the long-term program at Red Wing.

The district court further explained: "Based on what I've seen, we've tried Mesabi, we've tried STOP, we've tried Return to Success, and every time we've tried something else in the community, you don't comply with the order, you don't comply with the rules, and you end up back in court."

The district court adjudicated A.R.M. delinquent on all three counts (despite the earlier agreement that the two misdemeanor counts would be dismissed) and placed him in MCF-Red Wing's long-term program. On November 20, the district court filed an order for placement, stating that it had considered five alternatives to MCF-Red Wing,

4

including Mesabi Academy. On November 27, the district court filed an additional order, explaining that the placement at MCF-Red Wing was "both in [A.R.M.'s] best interests and in the interest of public safety." The district court noted that "[p]robation has attempted numerous alternatives including electronic home monitoring, Mesabi Academy, the Red Wing STOP Program, and Return to Success," but A.R.M. "failed to successfully complete these programs, and he continues to use illegal substances." As a result, the district court determined that "[A.R.M.] is resistant to programming and that he is unlikely to succeed in a less restrictive setting than the Red Wing long-term program." And the district court concluded: "The parties have searched for secure alternatives to the Red Wing long-term program, but there are none. [A.R.M.] has exhausted all alternatives likely to return him to law-abiding behavior. As a result, the court has no choice but to place [A.R.M.] in the Red Wing long-term program." This appeal followed.[1]

## DECISION

"The district court has broad discretion to order dispositions authorized by statute, and the disposition will not be disturbed absent an abuse of discretion." *In re Welfare of J.S.H.-G.*, 645 N.W.2d 500, 504 (Minn. App. 2002), *review denied* (Minn. Aug. 20,

---

[1] A.R.M. appealed from the district court's November 19 order placing him at MCF-Red Wing. The district court then filed a handwritten order for placement on November 20 discussing the alternatives it had considered. It then filed a more detailed order discussing A.R.M.'s placement on November 27. We have determined that the parties were unaware of the district court's November 27 order. As a result, we ordered the parties to prepare supplemental briefing to address the effect of this order. We have considered the briefing and construe the appeal as being from the November 19, 20, and 27 orders.

5

2002).  We "will affirm the disposition as long as it is not arbitrary" and will accept the district court's findings of fact unless they are clearly erroneous.  *In re Welfare of J.A.J.*, 545 N.W.2d 412, 414 (Minn. App. 1996).

A.R.M. argues that, in placing him at MCF-Red Wing, the district court violated Minn. Stat. § 260B.199, subd. 1 (2012).  Before placing a juvenile at MCF-Red Wing, "the county of referral must have considered all appropriate local or regional placements and have exhausted potential in-state placements in the geographic region.  The [district] court must state on the record that this effort was made and placements rejected . . . ."  Minn. Stat. § 260B.199, subd. 1.

A.R.M. argues that Hennepin County and the district court failed to seriously consider a placement at Mesabi Academy.  But the district court did consider Mesabi Academy.  When the district court asked whether probation had considered any alternative secure placements, the prosecutor responded that Mesabi Academy was the only secure alternative about which she knew, that A.R.M. "was already there and didn't do that well," and that she did not think Mesabi Academy "would even take him."  The district court noted that A.R.M. had previously failed to successfully complete the program at Mesabi Academy, as well as several other programs, and had ended up back in court.  In its written orders, the district court mentioned that it had considered placement at Mesabi Academy, and it discussed A.R.M.'s previous placement at Mesabi Academy.  Given the references to Mesabi Academy at the hearing and in the district court orders, both the county and the district court rejected it as an alternative placement on the record as required.  *See id.*

6

A.R.M. argues for placement at Mesabi Academy for the first time on appeal. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996) (explaining that an appellate court does not generally consider matters not argued to and considered by the district court). A.R.M. did not advocate for a placement at Mesabi Academy in district court. A.R.M.'s attorney proposed electronic home monitoring and the district court had neither the occasion nor any reason to more fully discuss this alternative placement, having received no information suggesting that a second placement at Mesabi Academy was either possible or likely to succeed.

Both Hennepin County and the district court considered alternative placements and the district court explained on the record why all alternative placements were rejected. *See* Minn. Stat. § 260B.199, subd. 1. Therefore, the district court complied with section 260B.199. And the district court did not abuse its discretion in placing A.R.M. at MCF-Red Wing. *See J.S.H.-G.*, 645 N.W.2d at 504.

A.R.M. also argues, and the state concedes, that the district court erred in adjudicating A.R.M. delinquent on the three charges stemming from the October 19 shoplifting incident because the state agreed to dismiss the two misdemeanor charges in exchange for A.R.M.'s guilty plea to the gross-misdemeanor-theft charge. Accordingly, we reverse the adjudication of delinquency on the two misdemeanor charges and remand for the district court to enter a dismissal of these two charges.

**Affirmed in part, reversed in part, and remanded.**

7