*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1078**

In the Matter of the Welfare of: D. E. M.-T., Child

**Filed January 26, 2015
Affirmed
Toussaint, Judge**[*]

Ramsey County District Court
File No. 62-JV-13-3215

Cathryn Middlebrook, Chief Appellate Public Defender, Susan J. Andrews, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Chutich, Presiding Judge; Reilly, Judge; and Toussaint, Judge.

## U N P U B L I S H E D   O P I N I O N

**TOUSSAINT**, Judge

Appellant challenges his delinquency adjudication, arguing that the evidence was insufficient and that the district court should have stayed adjudication of delinquency. We affirm.

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## D E C I S I O N

Appellant D.E.M.-T. first argues that his delinquency adjudication for first-degree criminal sexual conduct must be reversed because no rational trier of fact could have concluded that he was guilty beyond a reasonable doubt. We disagree, and conclude that substantial evidence in the record supports D.E.M.-T.'s adjudication.

"In a proceeding adjudicating the delinquency of a juvenile, the state must prove every element charged beyond a reasonable doubt." *Matter of Welfare of D.A.H.*, 360 N.W.2d 676, 677 (Minn. App. 1985). On appeal, the sufficiency of the evidence is viewed in the light most favorable to the verdict. *Id*. "The verdict will not be reversed if the finder of fact, giving due regard to the presumption of innocence and to the state's burden of proving the defendant's guilt beyond a reasonable doubt, could reasonably have found the defendant guilty." *Id*.

D.E.M.-T. contends that one element of his criminal sexual conduct adjudication has not been sufficiently proven, that the penetration occurred between April 1 and June 30 of 2013. Regarding the necessary element of when penetration had occurred, the district court described testimony that penetration had occurred in May as "clear" and "credible." The record supports the district court's conclusion. On direct exam, the complainant testified that she was sexually penetrated in May of 2013. On cross-examination, her testimony was generally the same. The complainant had stated during investigations that she had been penetrated in May. The generally consistent testimony regarding the May incident, from her investigatory interview to direct examination to

2

cross-examination, provided sufficient evidence for the district court to conclude that the necessary time element had been established beyond a reasonable doubt.

D.E.M.-T. argues there were some inconsistencies in the complainant's testimony. These inconsistencies are minor in comparison to the generally consistent testimony that D.E.M.-T. penetrated complainant in May of 2013. This court has previously rejected a challenge to the sufficiency of the evidence based on minor inconsistencies in the testimony of a minor. *State v. Jackson*, 741 N.W.2d 146 (Minn. App. 2007), *review denied* (Minn. Oct. 21, 2008). In *Jackson*, we said that "minor inconsistencies in . . . a witness's testimony are not sufficient to overturn a conviction." *Id.* at 153 (some punctuation omitted). "Inconsistent testimony is more a sign of human fallibility in perception than testimonial falsity, especially in cases involving a traumatic or stressful event." *Id*. We then indicated that any inconsistencies in testimony go to the credibility of the witness, which may be judged by the factfinder. *See id.* at 154 ("The inconsistencies in A.C.'s testimony were presented to the jury, and the jury found her to be credible despite the discrepancies."). The district court found the complainant's testimony with regard to the May incident credible. Viewed in the light most favorable to the verdict, the evidence was sufficient to conclude that D.E.M.-T. was guilty beyond a reasonable doubt.

D.E.M.-T. also argues that the district court erred in adjudicating him delinquent after he had requested a continuance without adjudication. We apply the abuse-of-discretion standard of review to the district court's decision to grant or deny a stay of

adjudication. *In re Welfare of J.B.A.*, 581 N.W.2d 37, 38 (Minn. App. 1998), *review denied* (Minn. Aug. 31, 1998). This argument is foreclosed by precedent.

"A district court has broad discretion in determining whether to continue an adjudication in a delinquency proceeding." *Matter of Welfare of J.R.Z.*, 648 N.W.2d 241, 244 (Minn. App. 2002), *review denied* (Minn. Aug. 20, 2002) (quotations omitted). "'When it is in the best interests of the child to do so . . . [,] the court *may* continue the case for a period not to exceed 90 days on any one order.'" *Id.* (quoting Minn. Stat. § 260B.198, subd. 7 (2012)). "Most importantly, imposing an adjudication within the limits prescribed by the legislature is not an abuse of discretion." *Id.* at 245 (quotations omitted).

The district court placed D.E.M.-T. on supervised probation and ordered that he be required to successfully complete a sex-offender treatment program. This disposition is specifically authorized by statute. Minn. Stat. § 260B.198, subd. 1(2), (11) (2012). When the district court considered staying adjudication, the state opposed the idea because that would have made D.E.M.-T.'s participation in sex-offender treatment voluntary. The state argued that D.E.M.-T. placed blame on the victim and that he was a danger to the community, specifically other young girls. The district court concluded that D.E.M.-T. could not complete sex-offender treatment within six months, the timeframe allowable to continue adjudication. *See* § 260B.198, subd. 7 (permitting continuance for two 90-day periods).

D.E.M.-T. contends that adjudicating him delinquent was not "necessary" to restore him to law-abiding conduct, citing Minn. R. Juv. Del. P. 15.05, subd. 2(B)(1), (2).

4

But necessity is a requirement when making a disposition, not when deciding whether to continue adjudication. *See* Minn. R. Juv. Del. P. 15.05, subd. 2(B)(1) ("When making a *disposition*, the court shall consider whether a particular *disposition* will serve . . . [n]ecessity.") (emphasis added). And once again, *J.R.Z.* disposes of this argument: "particularized findings . . . are required in determining a disposition, but not when deciding whether to adjudicate or stay adjudication." 648 N.W.2d at 246 (emphasis deleted).

The district court did not abuse its discretion in adjudicating D.E.M.-T. delinquent and requiring him to complete mandatory treatment under the supervision of probation. The district court reasonably concluded that such a disposition was in the best interests of the child as well as a reasonable measure to protect public safety.

**Affirmed.**