## FARM BUREAU MUTUAL INSURANCE CO., et al., Respondents,

v.

## Eleanor SCHWAN, et al., Appellants.

### No. A04–368.

Court of Appeals of Minnesota.

Oct. 5, 2004.

Mark M. Suby, Hansen, Dordell, Bradt, Odlaug & Bradt, P.L.L.P., St. Paul, MN, for appellants.

Scott B. Lundquist, Lundquist Law Offices, Minneapolis, MN, for respondents.

Considered and decided by ROBERT H. SCHUMACHER, Presiding Judge; G. BARRY ANDERSON, Judge; and HALBROOKS, Judge.

## OPINION

### G. BARRY ANDERSON, Judge.

On January 12, 2004, respondents filed a motion seeking to enjoin appellants from competing with respondents in accord with a non-solicitation clause contained in employment contracts between appellant Schwan and respondents. The district court issued a temporary injunction, enjoining appellants from violating the non-solicitation clause, effective until July 1, 2004. This appeal follows.

### FACTS

Respondents Farm Bureau Mutual Insurance Co. and Farm Bureau Life Insurance Co. hired appellant Eleanor Schwan on October 1, 1988, as an insurance agent, to sell insurance exclusively on behalf of respondents. Throughout the course of her employment, Schwan was required, as were all agents, to sign new employment contracts yearly. The contracts Schwan signed between 1988 and 2001 did not contain a non-solicitation clause, but in December 2001 respondents inserted such a clause; Schwan signed the December 2001 contract containing the non-solicitation clause. In January 2003, respondents required Schwan to sign a contract similar to the December 2001 contract; the January 2003 contract bore the signature of a new manager and limited enforceability of the non-solicitation clause to one year.

In June 2003, respondents required employees, including Schwan, to sign a revised contract. The non-solicitation clause was changed, expanding enforceability from one year to eighteen months, and the amended clause also gave respondents additional remedies, including the right to seek damages and attorney fees. Schwan left the employ of respondents without signing the latest version of the employment contract and began working for another insurance agency on approximately July 7, 2003. Thereafter, Schwan began working for appellant Miller–Hartwig Insurance Agency. Appellants allegedly violated the non-solicitation provisions by contacting respondents' customers. Respondents' motion to enjoin appellants from violating the non-solicitation contractual measures was granted; the injunction expired by its own terms on July 1, 2004.

### ISSUES

I. Are the issues raised in this appeal moot because the challenged injunction expired on July 1, 2004?

II. Was the non-solicitation clause contained in Schwan's contract supported by adequate consideration; and if so, did Schwan's actions violate the non-solicitation clause?

III. Was the district court's failure to impose a security bond in accordance with Minn. R. Civ. P. 65.03(a) clearly erroneous?

### ANALYSIS

Standard of Review

■ This court will not overturn a district court's ruling regarding the grant of a temporary injunction absent a clear abuse of discretion. *Carl Bolander & Sons Co. v. City of Minneapolis*, 502 N.W.2d 203, 209 (Minn.1993); *LaValle v. Kulkay*, 277 N.W.2d 400, 402 (Minn.1979).

## I.

■ Respondents contend this appeal is moot. It is not necessary that a party raise the issue of mootness; appellate courts must address the issue because it is "a constitutional prerequisite to the exercise of jurisdiction". *In re Schmidt*, 443 N.W.2d 824, 826 (Minn.1989). An issue is moot if "an event occurs pending appeal that makes a decision on the merits unnecessary or an award of effective relief impossible". *Hous. & Redev. Auth. ex rel. City of Richfield v. Walser Auto Sales, Inc.*, 641 N.W.2d 885, 888 (Minn.2002) (citing *In re Application of Minnegasco*, 565 N.W.2d 706, 710 (Minn.1997)). The mootness doctrine demands appellate courts hear only live controversies, and they may not issue advisory opinions. *Chaney v. Minneapolis Cmty. Dev. Agency*, 641 N.W.2d 328, 331 (Minn.App.2002), *review denied* (Minn. May 28, 2002). If this "court is unable to grant effectual relief," the issue must be dismissed as moot. *Schmidt*, 443 N.W.2d at 826.

■ Here, Schwan entered into various contracts during her 15–year employment with respondents. At least two of those contracts contained a non-solicitation provision, and the most recent of those signed contracts limited enforceability of the provision to one year. The parties do not dispute that the applicable non-solicitation provision and district court injunction expired on July 1, 2004. Thus, because the non-solicitation provision and injunction expired while this appeal was pending, the issue of mootness must be addressed.

■ But dismissal does not automatically follow a determination that there is no actual controversy. *Minnegasco*, 565 N.W.2d at 710. A court will not dismiss an issue as moot if it is capable of repetition and likely to evade review. *Schmidt*, 443 N.W.2d at 826. Additionally, an issue will not be considered moot if it is related to "important public issues of statewide significance that should be decided immediately." *State v. Rud*, 359 N.W.2d 573, 576 (Minn.1984). But no repetition is possible here because the contracted non-solicitation provision has expired and respondents are not seeking, and claim no right to, additional injunctive relief. Furthermore, there is nothing in the record before this court that hints an issue of "statewide significance" exists.

Although this issue is incapable of repetition regarding appellants, we must address whether it is capable of evading review. Appellants argue that the disputed non-solicitation clause is not supported by adequate consideration, and that issue applies to other individuals who signed the same contracts as appellant Schwan. Furthermore, appellants maintain that even if there was adequate consideration, appellants' actions did not violate the non-solicitation clause. Appellants maintain the district court's memorandum incorporated into the order for temporary injunction made factual determinations regarding appellants' alleged violation of the non-solicitation clause that will be binding on the ultimate finder of fact during future district court proceedings.

■ When issuing a temporary or other interlocutory injunction, the district court is required to make factual findings supporting the issuance of such an order. Minn. R. Civ. P. 52.01 ("[I]n granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds for its action."); *Ensco Int'l, Inc. v. Blegen*, 410 N.W.2d 11, 13 (Minn.App. 1987) (stating findings of fact are "required" and "necessary" when a district court grants a temporary injunction). Here, the district court found the non-solicitation clause valid and that appellants

had violated the clause. But the district court also noted, "The facts at this juncture ... are clearly in dispute", and the order for temporary injunction directed the parties to contact district court administration to obtain a date for a trial on the merits. These assertions clearly demonstrate the district court did not intend the findings to be binding on the ultimate finder of fact.

 While the district court is required to make factual findings supporting the issuance of an order for a temporary injunction, such factual determinations are not binding on the ultimate finder of fact, usually a jury, at trial. Minn. R. Civ. P. 65.02(c).[1] Minnesota courts have long supported this proposition. *Miller v. Foley,* 317 N.W.2d 710, 712 (Minn.1982); *Vill. of Blaine v. Indep. Sch. Dist. No. 12, Anoka County,* 265 Minn. 9, 13, 121 N.W.2d 183, 187 (1963) ("[A]n order granting or refusing such remedy neither establishes the law of the case nor constitutes an adjudication of the issues on the merits. Only a trial on the merits has such effect."); *Haley v. Forcelle,* 669 N.W.2d 48, 55 (Minn. App.2003), *review denied* (Minn. Nov. 25, 2003); *Metro. Sports Facilities Comm'n v. Minn. Twins P'ship,* 638 N.W.2d 214, 220 (Minn.App.2002), *review denied* (Minn. Feb. 4, 2002).

Because factual determinations are not binding on the ultimate finder of fact at trial, we decline to address whether the non-solicitation clause contained in Schwan's contract is supported by adequate consideration or if appellants' actions violated such a clause. Consequently, because the injunction at issue in this case expired pending appeal, and because

the issue is incapable of repetition and evading review, this court is unable to grant appellants effectual relief. The appeal of the injunction is dismissed as moot.

## II.

 Appellants also contend the district court's failure to order a security bond in accordance with Minn. R. Civ. P. 65.03(a) was clearly erroneous. But we decline review of this issue because appellants failed to raise it below. *Silver Bay Area Citizens Concerned for Quality Educ. v. Lake Superior Sch. Dist. No. 381,* 448 N.W.2d 92, 96 (Minn.App.1989) ("Any challenge to the adequacy of a bond must first be raised and addressed by the district court."), *review denied* (Minn. Jan. 23, 1990); *see also Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." (quotation omitted)).

## DECISION

Because: (1) the appeal of the temporary injunction is moot; (2) the factual findings in support of the district court's order for temporary injunction are not binding on subsequent fact finding; and (3) appellants failed to raise the security bond issue below, we dismiss this appeal.

**Appeal dismissed.**

---

1. Minn. R. Civ. P. 65.02(c) states:
 [A]ny evidence received upon a motion for a temporary injunction which would be admissible at the trial on the merits becomes part of the trial record and need not be repeated at trial. *This provision shall be so construed and applied as to preserve any rights the parties may have to trial by jury. Id.* (emphasis added).