*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2066**

In the Matter of the Welfare of: A. J. E.

**Filed August 22, 2016
Affirmed
Hooten, Judge**

St. Louis County District Court
File No. 69DU-JV-15-467

A. J. E., Duluth, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark Rubin, St. Louis County Attorney, Angela K. Shambour, Assistant County Attorney, Duluth, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Hooten, Judge; and Bratvold, Judge.

## UNPUBLISHED OPINION

**HOOTEN**, Judge

In this juvenile delinquency appeal, pro se appellant challenges the juvenile court's determination that he was guilty of a petty misdemeanor disorderly conduct charge. We affirm.

## FACTS

Appellant A.J.E. was charged with one count of disorderly conduct arising out of an incident that took place on March 18, 2015, and a trial was held in September 2015.

The state introduced the following evidence at trial. At approximately 7:30 p.m. on March 18, 2015, the 16-year-old victim, B.J., and his 14-year-old brother were walking home from a gas station in Duluth. Appellant, who was 14 years old, was walking on the opposite side of the street with some other juveniles. Appellant crossed the street, approached B.J., and pulled from his backpack a pocket knife with the blade extended. Appellant waved the knife in B.J.'s face and stated angrily, "You're lucky I'm feeling generous." Both B.J. and his brother felt afraid during the incident. Appellant ran away when he saw the police.

In a September 2015 order, the district court found appellant guilty of the sole count of disorderly conduct. In November 2015, the district court stayed adjudication and placed appellant on probation with conditions. This appeal followed.

## D E C I S I O N

**The appeal is technically moot, but an exception to the mootness doctrine allows us to consider the merits of the appeal.**

On June 10, 2016, the district court filed an order dismissing the matter and terminating jurisdiction, finding that appellant had successfully completed his terms of probation.[1] Appellant is challenging the November 2015 disposition order in which the district court stayed adjudication of the disorderly conduct charge. In his brief, appellant requests that this court reverse the juvenile court's determination of guilt. But, appellant successfully completed probation, and the district court dismissed the proceedings and terminated its jurisdiction, events that render it impossible for this court to grant effective

---

[1] The district court noted in a footnote that, by the time a review hearing was held on June 7, 2016, more than 180 days had passed since the November 2015 disposition order was filed, which "arguably" resulted in the district court losing jurisdiction in this matter.

2

relief.  *See State v. Martin*, 849 N.W.2d 99, 102 (Minn. App. 2014) ("If a district court orders a stay of adjudication, and if the defendant successfully completes probation, the defendant avoids a criminal conviction." (quotation omitted)), *review denied* (Minn. Sept. 24, 2014).  Therefore, the appeal is technically moot.

Lack of mootness is "a constitutional prerequisite to the exercise of jurisdiction," and appellate courts "must consider the mootness question even if ignored by the parties." *In re Schmidt*, 443 N.W.2d 824, 826 (Minn. 1989).  Generally, appellate courts will dismiss a matter as moot when "an event occurs that resolves the issue or renders it impossible for the court to grant effectual relief."  *In re Risk Level Determination of J.V.*, 741 N.W.2d 612, 614 (Minn. App. 2007), *review denied* (Minn. Feb. 19, 2008).  "The mootness doctrine demands appellate courts hear only live controversies, and they may not issue advisory opinions."  *Farm Bureau Mut. Ins. Co. v. Schwan*, 687 N.W.2d 388, 391 (Minn. App. 2004).

However, "a matter will not be dismissed as moot if . . . collateral consequences attach to the otherwise moot ruling."  *Kottschade v. City of Rochester*, 760 N.W.2d 342, 350 (Minn. App. 2009), *review denied* (Minn. Apr. 29, 2009).  "Where an appellant produces evidence that collateral consequences actually resulted from a judgment, the appeal is not moot.  Further, if real and substantial disabilities attach to a judgment, we do not require actual evidence of collateral consequences but presume such consequences will result."  *In re McCaskill*, 603 N.W.2d 326, 329 (Minn. 1999) (quotation and citation omitted).

3

Here, collateral consequences attach to the district court's September 2015 finding of guilt. Because this was appellant's first misdemeanor-level offense, the offense is deemed a petty misdemeanor. Minn. Stat. § 260B.007, subd. 16(b), (c)(4) (2014). Under the statute, if the district court has "found" that a juvenile committed a misdemeanor-level juvenile petty offense on two or more prior occasions, the juvenile's next misdemeanor-level offense will be deemed a misdemeanor. *Id.*, subd. 16(c)(4). Here, the district court found appellant guilty of disorderly conduct in the September 2015 order. Accordingly, if appellant commits two more misdemeanor-level offenses in addition to the current offense, his third offense will be deemed a misdemeanor, rather than a juvenile petty offense. We conclude that collateral consequences attach to the otherwise moot ruling, and we therefore proceed to the merits of the appeal.

**The evidence is sufficient to support the district court's finding of guilt.**

Appellant appears to argue that the evidence was insufficient for the district court to find him guilty of disorderly conduct. In considering a claim of insufficient evidence, we review the record in the light most favorable to the guilty verdict to determine whether the evidence was sufficient to allow the fact-finder to reach the verdict that it did. *In re Welfare of C.J.W.J.*, 699 N.W.2d 328, 334 (Minn. App. 2005).

Under Minn. Stat. § 609.72, subd. 1(3) (2014), whoever "engages in offensive, obscene, abusive, boisterous, or noisy conduct or in offensive, obscene, or abusive language tending reasonably to arouse alarm, anger, or resentment in others," while "knowing, or having reasonable grounds to know that it will, or will tend to, alarm, anger

4

or disturb others or provoke an assault or breach of the peace, is guilty of disorderly conduct."

The state's evidence, which the district court explicitly found credible, established that appellant approached B.J. and his brother and waved an open pocket knife in B.J.'s face while stating angrily, "You're lucky I'm feeling generous." Both B.J. and his brother felt afraid during the incident. This evidence was sufficient to show that appellant engaged in offensive, obscene, abusive, boisterous, or noisy conduct or in offensive, obscene, or abusive language tending reasonably to arouse alarm, anger, or resentment in others. Regarding the knowledge element, the state's evidence was sufficient to satisfy the heightened circumstantial evidence standard. *See State v. Johnson*, 616 N.W.2d 720, 726 (Minn. 2000) (indicating that mental states are generally proved circumstantially); *see also State v. Silvernail*, 831 N.W.2d 594, 598–99 (Minn. 2013) (explaining that, under circumstantial evidence standard, reviewing court first identifies circumstances proved and then decides whether circumstances proved "are consistent with guilt and inconsistent with any rational hypothesis except that of guilt" (quotation omitted)). Here, the circumstances proved are consistent only with guilt because a person would have reasonable grounds to know that waving an open pocket knife in close proximity to someone's face, accompanied by the threatening words of "[y]ou're lucky I'm feeling generous," would tend to alarm, anger, or disturb others. We conclude that the evidence produced at trial was sufficient for the district court to find appellant guilty of disorderly conduct.

**Appellant was afforded a meaningful opportunity to present a complete defense.**

Appellant claims that he was denied a fair trial because, as a pro se litigant, he was unaware of the rules of evidence, he did not know how to present evidence, and he "was held to the strictest standards of procedural rules and processes." "Under our system of jurisprudence, every criminal defendant has the right to be treated with fundamental fairness and afforded a meaningful opportunity to present a complete defense." *State v. Richards*, 495 N.W.2d 187, 191 (Minn. 1992) (quotation omitted). But, in presenting a defense, "the accused must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id.* at 195 (quotation omitted).

The transcript indicates that appellant was afforded the opportunity to make an opening statement and closing argument, to cross-examine witnesses, to testify or not testify, and to call witnesses. Appellant tried to introduce physical evidence of a hair pick, but chose not to testify and did not have another witness to provide foundation for this evidence. Because appellant failed to present any testimony regarding the relevancy of the hair pick and failed to show that this particular hair pick was utilized by him in the incident, the district court properly sustained the prosecutor's objection on the ground that there was no showing of a "chain of evidence." *See* Minn. R. Evid. 901(b)(1), (4) (providing that evidence may be authenticated by testimony of witness with knowledge or by distinctive characteristics); *State v. Hager*, 325 N.W.2d 43, 44 (Minn. 1982) (stating testimony from a witness who possess "personal knowledge" that object, either because of its distinctive characteristics or establishment of chain of custody of continuous possession of object so

6

that it is in the same condition is the one actually at issue, may establish that "the matter in question is what its proponent claims" (quotations omitted)). Appellant tried to introduce an unrelated police report, but the district court properly did not allow it on hearsay grounds under Minn. R. Evid. 802. Appellant tried to elicit testimony from his mother about the unrelated police report and why the citation was "altered" by the state. The district court, in accordance with Rules 401 and 402 of the Rules of Evidence, sustained the prosecutor's relevancy objections to both questions. Finally, the prosecutor objected to part of appellant's closing argument on the ground that appellant was inappropriately attempting to testify, when he had specifically waived his right to testify and be subject to cross-examination, and the district court sustained the objection. Upon a close review of the transcript, we conclude that the district court did not abuse its discretion in making these evidentiary rulings. *See State v. Mahkuk*, 736 N.W.2d 675, 686 (Minn. 2007) (stating that appellate courts review district court's evidentiary rulings for abuse of discretion).

"Although some accommodations may be made for pro se litigants, this court has repeatedly emphasized that pro se litigants are generally held to the same standards as attorneys and must comply with court rules." *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001). In reviewing the transcript, it is apparent that the district court allowed appellant some leeway in his examination of witnesses, but appropriately required him to follow the rules of evidence. We conclude that the district court afforded appellant a meaningful opportunity to present a complete defense.

7

**The district court did not err by denying appellant's motion to dismiss.**

Prior to the disposition hearing, appellant moved to dismiss the case because the hearing was scheduled for more than 45 days after the district court found him guilty of the offense. Appellant argues that the district court erred by denying his motion to dismiss.

The juvenile rules provide that, for a juvenile petty offender, the district court must order a disposition within 45 days "from the finding that the allegations of the charging document are proved." Minn. R. Juv. Delinq. P. 17.09, subd. 2(A). Here, the disposition hearing was originally scheduled for 46 days after the district court's order finding appellant guilty of disorderly conduct. We note that the 45th day was a Sunday. The hearing was rescheduled due to the district court's scheduling conflicts and was held 50 days after the finding of guilt. In his motion to dismiss, appellant did not claim that this four-day delay prejudiced him in any way. Likewise, on appeal he does not claim that he was prejudiced by the delay. Under these circumstances, we conclude that the district court did not err by denying appellant's motion to dismiss.

**The district court did not abuse its discretion by ordering certain conditions of probation as part of the disposition.**

Appellant appears to argue that the district court abused its discretion by ordering certain conditions of probation as part of the disposition. "The district court has broad discretion to order dispositions authorized by statute, and the disposition will not be disturbed absent an abuse of discretion." *In re Welfare of J.S.H.-G.*, 645 N.W.2d 500, 504 (Minn. App. 2002), *review denied* (Minn. Aug. 20, 2002).

If the district court finds that a juvenile is a petty offender, it may require the juvenile to perform community service, pay a fine, or perform other activities. Minn. Stat. § 260B.235, subd. 4 (2014). Here, the probation officer who completed the pre-disposition investigation report recommended that the district court place appellant on probation for up to three months and require him to complete 12 hours of community service and to have no same or similar offenses. At the disposition hearing, appellant's mother requested that the district court impose a fine instead. The district court stayed adjudication of the offense and placed appellant on probation with the following conditions: complete 12 hours of community service, write a letter to the district court about the community service, and have no same or similar offenses. During the disposition hearing, the district court expressed concern about the seriousness of the offense, urged appellant to take responsibility for his actions, and emphasized the importance of being involved in his community. The probation officer and the prosecutor agreed that 12 hours of community service was an appropriate condition. In its order, the district court found that

> [t]he disposition is appropriate and in [appellant's] best interests. The disposition is necessary to restore [appellant] to law abiding conduct, to protect [appellant's] safety, and to protect public safety. The disposition is proportional and the least restrictive action consistent with [appellant's] circumstances. The disposition is suitable to [appellant's] specific needs, necessary to promote public safety, necessary to reduce juvenile delinquency, fair and just.

We conclude that the district court did not abuse its discretion by ordering the conditions of probation.

Appellant also argues that the district court erred by failing to include in its written findings why the disposition was in appellant's best interests and why alternative dispositions were not ordered, as required by Minn. Stat. § 260B.235, subd. 7 (2014). The district court's order indicates why the disposition was in appellant's best interest, but does not address alternative dispositions. However, given that appellant has successfully completed probation and that the district court has dismissed the case, we see no reason to remand for additional findings at this stage.

**Appellant's other arguments are not properly before this court or lack merit.**

Appellant raises a number of other issues that are not properly before this court or that lack merit. First, he argues that the school resource officer who interviewed him about the incident violated his Fifth Amendment right against self-incrimination. But, appellant did not file a pretrial motion to suppress evidence obtained as a result of an interview that allegedly violated his Fifth Amendment rights and did not otherwise raise this issue before the district court. Therefore, this issue is not properly before this court on appeal. *See In re Welfare of D.W.*, 731 N.W.2d 828, 835 (Minn. App. 2007) ("[T]his court generally considers only those issues argued before and considered by the district court . . . .").

Second, appellant argues that the prosecutor failed to comply with the discovery rules because she allegedly did not respond to his discovery request for 19 days. *See* Minn. R. Juv. Delinq. P. 10.04, subd. 1 (requiring prosecutor to respond to discovery requests within five days). Appellant gives no indication that he raised this argument before the district court, and therefore it is not properly before this court. *D.W.*, 731 N.W.2d at 835. Moreover, appellant does not contend that the prosecutor's alleged delay caused him any

10

prejudice, and "[g]enerally, without a showing of prejudice to the defendant, the state's violation of a discovery rule will not result in a new trial." *State v. Palubicki*, 700 N.W.2d 476, 489 (Minn. 2005).

Third, appellant argues that the state improperly amended the citation without giving him notice. But, the citation was never amended; it was corrected. When the charging officer wrote the citation on March 26, 2015, he indicated that appellant was charged under section "609.74(1)," which was a scrivener's error, as that section is for public nuisance. Minn. Stat. § 609.74(1) (2014). The next day, the officer corrected the citation by providing the correct statutory section for disorderly conduct, Minn. Stat. § 609.72, subd. 1(3). Moreover, the state provided appellant with a copy of both the original and corrected citations.

Fourth, appellant argues that the district court judge "displayed egregious bias and prejudice against [appellant's mother] during the disposition hearing." The transcript shows that appellant's mother interrupted the judge during the disposition hearing, as she had done repeatedly during the trial. The judge expressed frustration at the behavior of appellant's mother, but this frustration does not indicate that the judge was biased against appellant.

Finally, appellant alleges that the district court judge in this case violated several provisions of the Minnesota Code of Judicial Conduct. But, a party may not bring this type of claim; rather, such a claim may only be brought by the Minnesota Board of Judicial Standards. *See In re Conduct of Stacey*, 737 N.W.2d 345, 346–48 (Minn. 2007).

11

**Because the state did not file a notice of related appeal, we do not remand for the district court to review the disposition.**

The state asks this court to affirm the decision, but "remand[] back to the trial court for review of disposition." Specifically, the state contends that "[t]he trial court should have adjudicated [a]ppellant a petty offender." *See* Minn. R. Juv. Delinq. P. 17.09, subd. 2(A) ("Within [45] days from the finding that the allegations of the charging document are proved, the court *shall* . . . [a]djudicate the child a juvenile petty offender . . . ." (emphasis added)). However, appellant does not ask for a remand for the district court to review the disposition, and the state did not file a notice of related appeal. Therefore, this issue is not properly before us. *See City of Ramsey v. Holmberg*, 548 N.W.2d 302, 305 (Minn. App. 1996) (stating that if party fails to file notice of related appeal, "the issue is not preserved for appeal and a reviewing court cannot address it"), *review denied* (Minn. Aug. 6, 1996).

**Affirmed.**