*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1939**

In the Matter of the Risk Level Determination of A. D. S.-H.

**Filed October 17, 2016
Affirmed
Bjorkman, Judge**

ALJ
Office of Administrative Hearings
File No. 68-1100-32788

A.D.S.-H., Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, Angela Helseth Kiese, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Schellhas, Judge; and Bjorkman, Judge.

## UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges the dismissal of his administrative appeal of his risk-level determination as moot. Because appellant has not demonstrated that he will suffer direct and personal harm as a result of the determination, we affirm.

## FACTS

Appellant A.D.S.-H. has been civilly committed to the Minnesota Sex Offender Treatment Program (MSOP) since 1996. During this period, A.D.S.-H. has committed a

number of criminal offenses. He was incarcerated at the Minnesota Correctional Facility at Rush City following his most recent fraud conviction. In anticipation of his release, but before he was transferred back to MSOP, the End-of-Confinement Review Committee (ECRC) conducted a risk-level determination as required by Minn. Stat. § 244.052, subd. 3 (2014). The ECRC assigned A.D.S.-H. a risk level of three. A.D.S.-H. appealed, and the ECRC moved to dismiss the matter as moot because A.D.S.-H. is not being released into the community and his risk level will be reassessed before he is released from MSOP. The administrative-law judge (ALJ) granted the ECRC's motion. A.D.S.-H. appeals by a writ of certiorari.

### D E C I S I O N

A.D.S.-H. argues that the ALJ erred in dismissing his request for administrative review of his risk-level determination as moot. This argument presents a question of law that we review de novo. *Isaacs v. Am. Iron & Steel Co.*, 690 N.W.2d 373, 376 (Minn. App. 2004), *review denied* (Minn. Apr. 4, 2005); *see also Frost-Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn. 1984) (stating appellate courts give no deference to an agency's legal determinations).

Courts may only exercise jurisdiction over matters involving a justiciable controversy. *Kahn v. Griffin*, 701 N.W.2d 815, 821 (Minn. 2005). A controversy is justiciable if it implicates definite rights; "[m]erely possible or hypothetical injury will not satisfy this standard." *Id.* The mootness doctrine requires courts to dismiss cases in which effective relief is not possible. *Id.* To avoid dismissal, a party must demonstrate a personal interest in the form of "a direct and personal harm." *In re Risk Level*

*Determination of J.V.*, 741 N.W.2d 612, 614 (Minn. App. 2007) (quotation omitted), *review denied* (Minn. Feb. 19, 2008). The mootness doctrine applies to administrative review hearings conducted under Minn. Stat. § 244.052, subd. 6 (2014). *Id.*

A.D.S.-H. argues that his appeal is not moot because he has demonstrated direct and personal harm occasioned by the ECRC's risk-level determination. We disagree for three reasons. First, A.D.S.-H.'s risk level will not be disclosed to the community. As we stated in *J.V.*, because MSOP is a "residential facility" under Minn. Stat. § 244.052, subd. 1(4) (2014), the state is prohibited from notifying the community when A.D.S.-H. is released from prison back to MSOP. Minn. Stat. § 244.052, subd. 4(b)(3) (2014). Accordingly, A.D.S.-H. will not suffer direct and personal harm because there will be no community notification. *See J.V.*, 741 N.W.2d at 616 (holding that "relator's request for administrative review of an end-of-confinement risk-level determination is moot because he is civilly committed and not subject to community notification and, therefore, lacks the requisite personal interest in the outcome of the litigation").

Second, A.D.S.-H. forfeited his argument that he will be subject to new supervised-release conditions as a collateral consequence of his level-three risk determination. The only evidence he cites is a document that the ALJ did not consider because it was outside of the record. Because we generally do not consider issues that were not previously decided, A.D.S.-H.'s second argument fails. *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996).

Third, A.D.S.-H. cites no authority for his bald assertion that being labeled a "Level Three Predatory Offender" creates a stigma that will be used against him when he

3

petitions for a reduction in custody. This court rejected similar unsupported arguments in *J.V.* as speculative and without merit. *J.V.*, 741 N.W.2d at 615; *see also Isaacs*, 690 N.W.2d at 376 (stating "the doctrine of mootness looks towards actual occurrences, not mere speculation on events that could have happened").

In sum, because A.D.S.-H. has not established the requisite "personal harm arising out of his risk-level determination," *J.V.*, 741 N.W.2d at 615, his appeal is moot.

**Affirmed.**

4