*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1747**

Great Gulf Corporation,
Appellant,

vs.

R.P. Air Inc., et al.,
Respondents.

**Filed May 20, 2024**
**Appeal dismissed**
**Bjorkman, Judge**

Anoka County District Court
File No. 02-CV-23-1789

Barbara Podlucky Berens, Kari Berman, Berens & Miller, P.A., Minneapolis, Minnesota
(for appellant)

Jacob B. Sellers, Greenstein Sellers PLLC, Minneapolis, Minnesota (for respondents)

Considered and decided by Bjorkman, Presiding Judge; Ross, Judge; and Larkin,

Judge.

**NONPRECEDENTIAL OPINION**

**BJORKMAN**, Judge

Appellant challenges the denial of a temporary injunction to prevent foreclosure of

a warehouse lien by the sale of an aircraft. Because the aircraft was sold during the

pendency of the appeal, we dismiss the appeal as moot.

# FACTS

Appellant Great Gulf Corporation is the former owner of a 1955 Grumman Albatross HU-16C (the aircraft) that has been stored at the Anoka County Airport since 2013. *R.P. Air, Inc. v. Great Gulf Corp.*, No. A20-0721, 2021 WL 957322, at *1-2 (Minn. App. Mar. 15, 2021). Great Gulf stopped paying the storage fees in May 2018, and the airport placed a warehouse lien on it. In 2019, a local aviation enthusiast, respondent Randolph Pentel, purchased the lien.

The aircraft and warehouse lien have been the subject of extensive litigation in both federal and state courts. Relevant to this appeal, in February 2023, the United States District Court for the District of Minnesota resolved cross-motions for summary judgment, determining that Great Gulf owned the aircraft and Pentel had a valid warehouse lien on it. On March 21, 2023, respondents R.P. Air[1] and Pentel (the lienholders) commenced the statutory foreclosure process set forth in Minn. Stat. § 336.7-210 (2022) (the lien statute), by mailing Great Gulf a notice of sale.

On April 11, Great Gulf commenced this action seeking, among other things, a temporary injunction prohibiting the lienholders from selling the aircraft until the district court determined the "legitimate amount" Great Gulf owed under the lien statute. Two days later, Great Gulf moved for a temporary restraining order (TRO) and a temporary injunction to halt the sale. In its supporting memorandum of law, Great Gulf explained

---

[1] R.P. Air, Inc. is a company owned by Pentel.

2

that the lienholders were demanding nearly $521,000 to satisfy the warehouse lien, which exceeds the amount recoverable under the lien statute.

After receiving the lienholders' written opposition, the district court granted a TRO and scheduled a hearing on Great Gulf's request for a temporary injunction. The lienholders appealed the TRO the day it was issued. In a May 23 special term order, this court dismissed the appeal as premature and remanded for the district court to clarify whether its order granted a TRO or a temporary injunction.

On October 19, following an evidentiary hearing, the district court vacated the TRO and denied Great Gulf's motion for a temporary injunction. The district court concluded that Great Gulf did not prove that it "lacks adequate remedies at law or that it will be irreparably harmed should the foreclosure sale proceed," and that the lienholders "may proceed with the foreclosure process pursuant to Minnesota Statute § 336.7-210." On November 17, Great Gulf appealed.[2] The public auction was held four days later. Great Gulf did not attend the auction; the lienholders purchased the aircraft.

Great Gulf appeals, contending that the district court abused its discretion by denying a temporary injunction.

**DECISION**

As an initial matter, the lienholders argue this appeal is moot because the aircraft was sold. Great Gulf urges us to conclude otherwise, asserting the appeal is not moot because the lienholders' purchase of the aircraft under the lien statute was "premature and

___

[2] On November 16, Great Gulf moved the district court to stay the October 19 order pending appeal. The district court did not rule on the motion.

3

unwarranted and should be set aside . . . until the permitted amount of the warehouse lien is determined."  The lienholders have the better argument.

An appeal is moot "when a decision on the merits is no longer necessary or an award of effective relief is no longer possible."  *Snell v. Walz*, 985 N.W.2d 277, 283 (Minn. 2023) (quotation omitted).  Dismissal of such an appeal is grounded in the principle that courts only decide cases that present a justiciable controversy.  *In re Risk Level Determination of J.V.*, 741 N.W.2d 612, 614 (Minn. App. 2007), *rev. denied* (Minn. Feb. 19, 2008).  A moot case is nonjusticiable.  *Snell*, 985 N.W.2d at 283.

We are persuaded that this appeal is moot for three reasons.  First, there is no longer a sale to enjoin.  The aircraft was sold at auction on November 21, 2023.  Great Gulf does not dispute that the sale was valid under the lien statute, which does not provide a right of redemption.  In short, we cannot provide the relief Great Gulf seeks on appeal—enjoining the sale of the aircraft.

Second, Great Gulf no longer has an ownership interest in the aircraft.  Accordingly, the various remedies afforded to owners under the lien statute are no longer available.  *See* Minn. Stat. § 336.7-210(a) (requiring lienholders to notify persons with an interest in goods before enforcing warehouse lien by public or private sale of the goods), (c) (permitting persons claiming an interest in the goods to "pay the amount necessary to satisfy the lien and the reasonable expenses incurred" before the sale).  As the district court noted when denying a temporary injunction, Great Gulf could "obtain the Air[craft] by bid at auction, or pay the disputed lien amount in advance, and proceed to trial to establish what it

4

contends is the correct lien amount." Great Gulf's decision not to pursue these remedies left it with no ownership interest in the aircraft.

Third, because the aircraft was sold, there is no longer any controversy as to the lien amount. This is so because the lienholders were entitled to recover *either* the monetary value of the lien *or* the aircraft; they chose to purchase the aircraft. *See City of St. Paul v. St. Anthony Flats Ltd. P'ship*, 517 N.W.2d 58, 62 (Minn. App. 1994) (stating that, where a junior lienholder redeems property after a foreclosure sale, the senior lienholders realize "complete satisfaction" and cannot sue the debtor "because to do so would afford them double recovery"), *rev. denied* (Minn. Aug. 24, 1994). The lien statute does not permit this court to afford Great Gulf any relief from the completed sale. *See Kahn v. Griffin*, 701 N.W.2d 815, 821 (Minn. 2005) (explaining that if a court cannot grant effective relief, the matter is generally dismissed as moot).

**Appeal dismissed.**